IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN SWIRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-CV-0658-MJR-PMF |
| ) | |
| EMERSON ELECTRIC CO., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

Reagan, District Judge:

On May 24, 2012, Justin Swires filed suit in this Court against Emerson Electric. A putative class action brought on behalf of thousands of consumers throughout the United States who purchased Emerson brand Wet/Dry Vacuums, the complaint asserts claims for deceptive marketing, consumer fraud, unjust enrichment, and "money had and received." Subject matter jurisdiction is invoked under 28 U.S.C. 1332(d). The complaint alleges that the named Plaintiff is an Illinois citizen, the named Defendant is a Missouri citizen (both incorporated and having its principal place of business in that state), and the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

Now before the Court is Defendant Emerson's Motion to Stay Proceedings Pending Ruling by the Judicial Panel on Multi-District Litigation (Doc. 8). Emerson notifies this Court that this case is a potential tag-along action and could be transferred by the MDL Panel to the U.S. District Court for the Eastern District of Missouri as part of an MDL proceeding concerning wet/dry vacs sold by Sears and Home Depot, which were manufactured or supplied by Emerson (MDL No. 2382). Emerson moves the undersigned Judge to stay this action until

the MDL Panel determines whether to transfer all similar actions to the Eastern District of Missouri for coordinated pretrial proceeding pursuant to 28 U.S.C. 1407.

The Court **DENIES at this time the motion to stay proceedings (Doc. 8).**

The undersigned Judge is aware of the potential for MDL transfer of this case but generally does not stay pretrial proceedings pending MDL transfer. FEDERAL RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 1.5 provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Similarly, the MANUAL FOR COMPLEX LITIGATION, Federal Judicial Center, § 20.131 and § 22.35 (4th ed. 2004), states that during the pendency of a motion for MDL transfer, the court in which the action was filed retains jurisdiction over the case and need not suspend proceedings.

Having denied a *stay* of this entire action, the Court will monitor any orders from the MDL Panel relating to this case. Aware that the MDL Panel will consider the motion to transfer at its next bimonthly session, the Court will **not yet track** or assign a trial date to the case in this District (and will revisit the status of the case in 30 days). This Order in no way suspends or extends any deadlines (including Defendant's deadline to move, answer, or otherwise plead to the complaint).

IT IS SO ORDERED.

DATED June 11, 2012.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge

pg. 2